UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ROBERT JACKSON,<br><br>        Plaintiff,<br><br>  v.<br><br>NEVADA DEPARTMENT OF<br>CORRECTIONS, et al.,<br><br>        Defendants. | Case No. 2:21-cv-01773-CDS-VCF<br><br>ORDER GRANTING APPLICATION<br>TO PROCEED IN FORMA<br>PAUPERIS, DIRECTING SERVICE<br>OF PROCESS, AND DENYING<br>MOTION TO ISSUE SUMMONSES<br><br>(ECF Nos. 1, 9) |

This action began with a pro se civil-rights complaint filed under 42 U.S.C. § 1983 by state prisoner Plaintiff Robert Jackson. (ECF No. 1-1). Plaintiff has applied to proceed *in forma pauperis*. (ECF No. 1). Based on the information provided in the application, the Court finds that Plaintiff is unable to prepay the full $350 filing fee in this action. The Court will therefore grant the application.

On July 15, 2022, the Court entered an order screening the Complaint. (ECF No. 4). The screening order permitted claims to proceed against some defendants and imposed a 90-day stay for the parties to attempt to settle their dispute. (*Id.* at 9–10). The Court entered subsequent orders assigning the parties to mediation by a court-appointed mediator. (ECF Nos. 7, 8). The parties did not settle at their mediation conference. (ECF Nos. 10, 11). So this action must proceed on the normal litigation track. The Court will order the Office of the Attorney General of the State of Nevada to advise the Court and Plaintiff which Defendants it can accept service for, if any. So the Court denies without prejudice Plaintiff's motion to issue summonses. (ECF No. 9).

IT IS THEREFORE ORDERED that:

1. The application to proceed *in forma pauperis* (ECF No. 1) is granted. Pauper status doesn't relieve Plaintiff of his obligation to pay the full $350 filing fee under the statute; it just means that he can do it in installments. Plaintiff is not required to pay an initial installment of the filing fee. And Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the

giving of security. But the full filing fee must still be paid under 28 U.S.C. § 1915(b)(2) even if this action is dismissed.

3.      To ensure that Plaintiff pays the full filing fee, the Nevada Department of Corrections must pay to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to the account of **Robert S. Jackson, #86238** (in months that the account exceeds $10) until the full $350 filing fee has been paid for this action.

4.      Service must be perfected within 90 days from the date this order is entered as required under Federal Rule of Civil Procedure 4(m).

5.      Subject to the findings of the screening order (ECF No. 4), within 21 days from the date this order is entered, the Attorney General's Office must file a notice advising the Court and Plaintiff of: (a) the names of the defendants for whom it accepts service, (b) the names of the defendants for whom it does not accept service, and (c) the names of the defendants for whom it is filing the last-known-address information under seal. As to any of the named defendants for whom the Attorney General's Office cannot accept service, the Office shall file under seal—but shall not serve the inmate Plaintiff— the last known address of any defendant for whom it has such information. If the last known address of any defendant is a post office box, the Attorney General's Office shall attempt to obtain and provide the last known physical address.

6.      If service cannot be accepted for any of the named defendants, Plaintiff must file a motion identifying any unserved defendant, requesting issuance of a summons, and specifying a full name and address for the unserved defendant. As for any defendant for whom the Attorney General has not provided last-known-address information, Plaintiff must provide the full name and address for the defendant.

7.      If the Attorney General accepts service of process for any named defendant, such defendant must file and serve an answer or other response to the Complaint (ECF No. 5) within 60 days from the date this order is entered.

8.      Plaintiff must serve upon all defendants or, if an appearance has been entered by counsel, upon their attorneys, a copy of every pleading, motion or other document that Plaintiff submits for consideration by the Court. If Plaintiff electronically files a document with the Court's electronic-filing system, no certificate of service is required. Fed. R. Civ. P. 5(d)(1)(B); Nev. Loc. R. IC 4-1(b); Nev. Loc. R. 5-1. But if Plaintiff mails the document to the Court, he must include with it a certificate stating the date that a true and correct copy of the document was mailed to the defendants or their counsel. If counsel has entered a notice of appearance, Plaintiff must direct service to the individual attorney named in the notice of appearance, at the physical or electronic address stated therein. The Court may disregard any document received by a district judge or magistrate judge that has not been filed with the Clerk, and any document received by a district judge, magistrate judge, or the Clerk that fails to include a certificate showing proper service when required.

9.      This case is no longer stayed.

10.     The motion to issue summonses (ECF No. 9) is denied without prejudice.

11.     The Clerk of the Court is directed to:

- Electronically serve a copy of this order and a copy of the Complaint (ECF No. 5) on the Office of the Attorney General of the State of Nevada by adding the Attorney General of the State of Nevada to the docket sheet. This does not indicate acceptance of service; and

- Send a copy of this order to (1) the Finance Division of the Clerk's Office and (2) the attention of **Chief of Inmate Services for the Nevada Department of Corrections,** P.O. Box 7011, Carson City, NV 89702.

DATED THIS  14th  day of  October  2022.

_____
UNITED STATES MAGISTRATE JUDGE