**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Robert Jackson,<br><br>                              Plaintiff,<br><br>vs.<br><br>Nevada Department of Corrections, et al.,<br><br>                              Defendants. | Case No. 2:21-cv-01773-CDS-MDC<br><br>**ORDER GRANTING MOTION TO STAY DISCOVERY (ECF NO. 37)** |

The Court has considered the defendants' *Motion to Stay Discovery* (ECF No. 37)("Motion"). The Court **GRANTS** Motion.

The Court finds staying discovery is appropriate in this case. Federal courts have the "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). "The district court has wide discretion in controlling discovery[.]" *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011) (*citing Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988)). When considering a motion to stay discovery while a dispositive motion is pending, "this court considers the goal of Rule 1 of the Federal Rules of Civil Procedure which directs that the Rules shall 'be construed and administered to secure the just, speedy, and inexpensive determination of every action.'" *Tradebay*, 278 F.R.D. at 602 (*quoting* Fed. R. Civ. P. 1). Thus, the Court may consider staying discovery pursuant to its inherent powers and discretion, together with the goals pronounced by Rule 1.

The undersigned Magistrate Judge previously adopted the pragmatic approach when considering motions to stay discovery because a dispositive motion is pending. *Aristocrat Techs., Inc. v. Light & Wonder, Inc.*, No. 2:24-CV-00382-GMN-MDC, 2024 WL 2302151, at *2 (D. Nev. May 21, 2024). The

pragmatic approach considers only the following two elements: (1) if the dispositive motion can be decided without further discovery; and (2) good cause exists to stay discovery. *Id*.   Here, the defendants have filed a motion to dismiss, in which they argue that qualified immunity protects them from this lawsuit. ECF No. 37. The pro se plaintiff did not file a response to the Motion. Ordinarily, pursuant to LR 7-2(d), the failure of an opposing party to file a response to a motion constitutes a consent. However, given the plaintiff's pro se status, the Court reviews the Motion on the merits, but cautions the plaintiff that failure to file a response in the future may constitute automatic consent.

     Reviewing the Motion in the light most favorably to the plaintiff given his pro se status, the Court finds that the plaintiff will not be prejudiced by a short stay of discovery, as no discovery is needed to determine the legal question of whether the defendants are immune from suit. The defendants, on the other hand, would be prejudiced if discovery commenced now because it would effectively deny them of their qualified immunity argument. The Court finds that the motion to dismiss can be decided without further discovery. The Court also finds good cause to stay discovery until the Court resolves the issues the defendants raise in the motion to dismiss.

     **IT IS ORDERED** that:

1. Defendants' *Motion to Stay Discovery* (ECF No. 37) is **GRANTED.**  Discovery in this matter shall be stayed pending resolution of defendants' motion to dismiss (ECF No. 36).

2. If the Court denies' defendants' motion to dismiss (ECF No. 36), <u>within two weeks of the entry of the Court's order</u>, the parties shall meet and confer and file either (1) a stipulation to enter a scheduling order for inmates in compliance with Local Rule 16-1(b) or (2) a joint motion to enter a scheduling order that details the parties' disagreements.

Dated:  September 16, 2024

                                                                     _____
                                                                     Hon. Maximiliano D. Couvillier III
                                                                     United States Magistrate Judge