UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Robert Jackson., | Case No. 2:21-cv-01773-CDS-MDC |
| Plaintiff | **Order Granting Defendants' Motion to Dismiss** |
| v. | |
| Brian Williams, et al., | [ECF No. 36] |
| Defendants | |

    This is a civil rights action brought by pro se incarcerated plaintiff Robert Jackson. Defendants Taerik Berry, Jennifer Nash, and Brian Williams move to dismiss Jackson's First Amendment and Eighth Amendment claims related to June 2019 searches of his cell for failure to state a claim upon which relief can be granted and because they are entitled to qualified immunity. Defs.' mot. to dismiss, ECF No. 36. This motion is fully briefed.[1] For the reasons herein, I grant defendant's motion to dismiss and dismiss Jackson's claims with leave to amend.

I.     Background[2]

    Jackson alleges that on September 9, 2015, he began the grievance process to address prison officials' "refusal to provide [him] a nutritionally adequate vegan diet" while he is incarcerated. Compl. ECF No. 1-1 at 4. This culminated in the filing of a civil rights lawsuit in November 2016. *Id.* Since the commencement of the lawsuit, Jackson alleges that he has been subjected to "a series of retaliatory actions" against him. *Id.* Among the retaliatory actions he alleges are two searches of Jackson's cell that both occurred on June 30, 2019.[3] *Id.* at 6. Jackson

---

[1] Pl.'s opp'n, ECF No. 40; Defs.' reply, ECF No. 41.
[2] A complaint is not evidence. *See Moran v. Selig*, 447 F.3d 748, 759–60, n.16 (9th Cir. 2006) (An unverified complaint "cannot be considered as evidence."). The court cites to the complaint to provide helpful background information and to show which facts are not in dispute for judicial efficiency purposes.
[3] Jackson's complaint also includes allegations stemming from searches of his cell that occurred in March and November 2018. ECF No. 1-1 at 5. However, on May 23, 2024, I granted defendants' motion for early summary judgment as to the claims involving these searches because Jackson failed to exhaust his administrative remedies. Order, ECF No. 33.

states that at 3:30 p.m., Officer Jackson[4] conducted a "cell search and compliance check." *Id.* He then states that at 7:00 p.m. that same day, Officer King arrived at his cell and said he was "aware" the first search had previously been conducted by Officer Jackson but that he "had" to search the cell again and "knew it wasn't right." *Id.* Jackson states that the searches were conducted after he had "beg[u]n downsizing his property and mailing it out" and that these cell searches were "targeted" and ordered by Sergeant Berry, the ranking official overseeing Jackson's unit. *Id.*

During Officer King's search, Jackson alleges that Officer King attempted to confiscate Jackson's television, telling Jackson that "it wasn't [Jackson's] property." *Id.* After "ten tense moments" of sifting through receipts, Officer King confirmed that the television was Jackson's. *Id.* Jackson states that this "almost led to an unwarranted write up." *Id.* Then Officer King "turned his attention to [Jackson's] books" and told Jackson that he had too many books. *Id.* at 7. Jackson admits that in response to Officer King's statement he agreed to give up a few titles that he was "in the process of . . . donating." *Id.* Jackson did not receive any write ups on June 30, 2019. *Id.* at 6–7. Jackson alleges that he properly grieved this issue on July 1, 2019.[5] *Id.*

## II.    Legal standard[6]

The Federal Rules of Civil Procedure require a plaintiff to plead "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Dismissal is appropriate under Rule 12(b)(6) when a pleader fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as factual allegations are insufficient. *Twombly*, 550 U.S. at 555. Accordingly, Rule 12(b)(6) requires

---

[4] No known relation to plaintiff. *See* ECF No. 36 at 8 (stating there is no known relation between Officer Jackson and plaintiff).
[5] Defendants do not dispute that Jackson properly exhausted his administrative remedies.
[6] Defendants seem to think this case is governed by 28 U.S.C. 1915(e) and not Federal Rule of Civil Procedure 12(b)(6). ECF No. 36 at 5. I explain below why they are incorrect and analyze this motion under the 12(b)(6) standard.

1  "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action
2  will not do." *Id*. To survive a motion to dismiss, "a complaint must contain sufficient factual
3  matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*,
4  556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility
5  when the plaintiff pleads factual content that allows the court to draw the reasonable inference
6  that the defendant is liable for the misconduct alleged." *Id.* This standard "asks for more than a
7  sheer possibility that a defendant has acted unlawfully." *Id.* If the court grants a motion to
8  dismiss for failure to state a claim, leave to amend should be granted unless it is clear that the
9  deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957
10 F.2d 655, 658 (9th Cir. 1992). Under Rule 15(a), a court should "freely" give leave to amend
11 "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or
12 dilatory motive of the part of the movant, repeated failure to cure deficiencies by amendment
13 previously allowed undue prejudice to the opposing party by virtue of allowance of the
14 amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178 (1962).

### III.    Discussion

As a threshold issue, Jackson points out that defendants' motion to dismiss refers to information that is not in the complaint and therefore I must convert this motion to dismiss to a motion for summary judgment or ignore the arguments that rely on that information. ECF No. 40 at 4. Defendants disagree. ECF No. 41 at 2. Defendants argue that this motion is not restricted by Federal Rule of Civil Procedure 12(b)(6) because Jackson's status as *in forma pauperis* (IFP) requires that this case must be analyzed under the IFP statute codified at 28 U.S.C. § 1915(e). *Id.* They posit, without citing to any authority, that because this case is governed by § 1915(e), I am permitted to look at evidence outside the complaint when reviewing the motion to dismiss. *Id.* Defendants' argument wholly misinterprets § 1915(e), which requires that district courts *screen* lawsuits filed by prisoners and dismiss those suits sua sponte under certain circumstances. *Lopez v. Smith*, 203 F.3d 1122, 1126 (9th Cir. 2000) (emphasis added); *see Clark v.*

*Oakland Police Dep't*, 2024 U.S. Dist. LEXIS 227379, at *8 (N.D. Cal. Dec. 16, 2024) ("Section 1915(e)(2) mandates that the court reviewing an [IFP] complaint make and rule on its own motion to dismiss before directing the United States Marshals to serve the complaint[.]"). Pursuant to § 1915(e), I screened Jackson's complaint on July 15, 2022, and determined that his claims could proceed. Screening order, ECF No. 4. Defendants do not cite to any points or authorities demonstrating that § 1915(e) replaces the 12(b)(6) standard on a motion to dismiss an IFP complaint after it has been screened, nor any authority that states that the Federal Rules of Civil Procedure are inapplicable to IFP plaintiffs. Therefore I reject defendant's unsupported argument that Jacksons' IFP status allows me to consider evidence outside of the complaint[7] and I analyze this motion under Federal Rule of Civil Procedure 12(b)(6).

      Whether to convert a motion to dismiss to a motion for summary judgment is within the discretion of the court. *Golden v. Home Depot, U.S.A., Inc.*, 2018 U.S. Dist. LEXIS 91182, at *9 n.2 (E.D. Cal. May 31, 2018). Even though defendants curiously style their description of the factual background as "undisputed facts" and reference several pieces of information outside of the four corners of the complaint, the motion can nonetheless be read as a motion to dismiss. I therefore decline to convert this motion into one for summary judgment. Accordingly, in deciding this motion, I disregard any arguments that are made in reliance upon information that is not contained within the four corners of the complaint.

---

[7] Further, even if I did analyze the complaint under § 1915(e), defendants' argument is without merit. The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e) is the same standard that governs Federal Rule of Civil Procedure 12(b)(6). In fact, case law demonstrates that when screening a complaint under § 1915(e), courts still only look within the four corners of the complaint. *See Hammler v. Imada*, 2021 U.S. Dist. LEXIS, 151212, at *4 (S.D. Cal. Aug. 11, 2021) (screening an IFP complaint and acknowledging that when "deciding whether to dismiss the complaint for failing to state a claim, the court is generally bound by the facts and allegations contained within the four corners of the complaint) (internal citation omitted). The only time the court may look outside the four corners of the complaint when analyzing a motion to dismiss is if the plaintiff has supplemented the complaint by attaching documents. *Id.* (citing *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987)). As Jackson has not supplemented the complaint with any documents, this exception is inapplicable here.

### A. Jackson does not allege a viable First Amendment claim.

Prisoners have a First Amendment right to "file grievances against prison officials and be free from retaliation for doing so." *Watison v. Carter*, 668 F.3d 1108, 1114 (9th Cir. 2012). For a prisoner to demonstrate a viable claim of First Amendment retaliation, he must demonstrate: (1) an assertion that a state actor took some adverse action against an inmate, (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal. *Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2005). Defendants move to dismiss Jackson's First Amendment claim for four reasons: (1) he does not establish that he suffered any adverse action as a result of the cell searches, (2) he does not sufficiently allege causation between his protected First Amendment activity and the cell searches, (3) he admits the officers had legitimate correctional goals for the searches, and (4) they are entitled to qualified immunity. ECF No. 36 at 6–8, 10.

Defendants first argue that Jackson has not demonstrated that he suffered an adverse action as a result of the cell searches. ECF No. 36 at 6. He does not identify any negative action stemming from Officer Jackson's compliance check and search at 3:30 p.m. on June 30, 2019. *Id.* He also does not identify any negative or adverse action stemming from Officer King's search. *Id.* In response, Jackson argues that the searches themselves were the adverse actions because they were neither "required or permitted by NDOC policy." ECF No. 40 at 6.[8] In reply, defendants state that even if the searches were not permitted by NDOC policy, Jackson has still not properly alleged a constitutional violation. ECF No. 41 at 3.

I disagree with defendants. Jackson has properly alleged that he suffered an adverse action. Although cell searches are a "routine part of prison life," courts in this circuit have found

---

[8] In his opposition, Jackson also alludes to the fact that he was issued a notice of charges after the June 30, 2019, searches. *See* ECF No. 40 at 6 ("[b]eing subjected to multiple incidents of consecutive cell searches where property is seized, and charges are filed"). However, this directly contradicts Jackson's complaint where he does not provide any evidence that he was issued a notice of charges after Officer King's search.

that a cell search may still constitute an adverse action. *See Cejas v. Paramo*, 2017 U.S. Dist. LEXIS 47106, at *16 (S.D. Cal. Mar. 28, 2017) (finding that cell searches can be an adverse action even though they are common in prison life). Jackson alleges that after Officer Jackson did a search of his cell, Officer King did another one and allegedly told Jackson that he "had" to search his cell and that he "knew it wasn't right." ECF No. 1-1 at 6. Further, courts have held that cell searches are adverse actions when plaintiffs allege that they were specifically targeted for the cell search, as Jackson has alleged here. *See Cejas*, 2017 U.S. Dist. LEXIS 47106, at *16 ("Plaintiff also alleges he was specifically targeted for a cell search."); ECF No. 1-1 at 6 ("[P]laintiff understood these were targeted cell searches[.]"). Therefore, I find that Jackson has properly alleged an adverse action.

However, Jackson's claim fails because he does not plausibly allege that the adverse action was caused by his protected activity. In his complaint, Jackson alleges that the cell searches on June 30, 2019, were "retaliatory" "for suing defendants." ECF No. 1-1 at 4. In their motion to dismiss, defendants argue that (1) Jackson himself identified the reason for the searches of his property on June 30, 2019—the first being a compliance search and the second being in response to the fact that a few days earlier, on June 26, 2019, Jackson had begun to voluntarily downsize his property and mail items out of the prison—*see* ECF No. 1-1 at 6, and (2) there is no plausible temporal connection between any protected First Amendment activity and the cell searches. ECF No. 36 at 6–7.[9] Therefore, defendants argue, there is no connection between the cell searches and the protected activity. *Id.* In his response, Jackson argues that the second consecutive search by Officer King was conducted "inspite [sic] of not because of, [Jackson's] personal decision to downsize his property." ECF No. 40 at 6. He does not directly address the time between filing his previous grievance and the adverse action.

---

[9] Defendants also argue that "there is also no plausible argument that Jackson's cell was searched as part of a scheme to monitor him that was discussed in emails between HDSP staff." ECF No. 36 at 7. However, nowhere in the complaint is there any discussion or allegation involving these alleged emails between HDSP staff and therefore I did not consider this argument. *See Charley v. United States*, 2021 U.S. Dist. LEXIS 129419, at *7 (D. Ariz. July 12, 2021) ("[T]he Court constraints its inquiry on a motion to dismiss to the four corners of the complaint.").

Jackson does not plausibly allege that the cell search was related to his lawsuit. "To satisfy the causation element of a First Amendment retaliation claim, an inmate/plaintiff must demonstrate that there was a specific causal link between the defendant's alleged retaliatory conduct and the inmate's exercise of a constitutional right." *Murillo v. Godfrey*, 2023 U.S. Dist. LEXIS 58610, at *32 (C.D. Cal. Feb. 21, 2023). An inmate can demonstrate this link with direct evidence of a defendant's retaliatory motive, or with circumstantial evidence of the defendant's knowledge of the protected conduct at issue plus some other evidence probative of retaliatory intent like "(1) proximity in time between protected speech and the alleged retaliation; (2) [that] the [defendant] expressed opposition to the speech; [or] (3) other evidence that the reasons proffered by the [defendant] for the adverse . . . action were false and pretextual." *McCollum v. Cal. Dep't of Corr. & Rehab.*, 647 F.3d 870, 882 (9th Cir. 2011) (quoting *Allen v. Iranon*, 283 F.3d 1070, 1077 (9th Cir. 2002)) (alterations in the original). Jackson does not provide any direct evidence of the defendants' alleged retaliatory motive. Jackson alleges that Officer King told him that he "had to" search his cell and that it "wasn't right." ECF No. 1-1 at 6. However, nowhere in the complaint does Jackson allege that Officer Jackson or Officer King even suggest that the reason for searching the cell had anything to do with Jackson's protected activity. Jackson states that he "learned that [the searches] were ordered by Sergeant Berry[.]" *Id.* But Jackson fails to set forth any allegations or point to any evidence suggesting that Sergeant Berry ordered the searches *because of* Jackson's protected activity. Indeed, the complaint is devoid of any evidence directly linking the cell search to Jackson's use of the grievance procedure or the lawsuit. *Smith v. Davis*, 2013 U.S. Dist. LEXIS 208104, at *7 (N.D. Cal. June 7, 2013).

There is also no circumstantial evidence that defendants' actions were motivated by the grievance or the lawsuit. "Evidence that [a defendant] took adverse actions after [a plaintiff] filed a grievance does not on its own establish that those actions were taken *because* of the grievance." *Id.* (emphasis in original). A retaliatory motive may be shown circumstantially based on the timing of the allegedly retaliatory acts. *Id.* (internal citation omitted); *see also Pratt v.*

7

*Rowland*, 65 F.3d 802, 808 (9th Cir. 1995) (The timing between a grievance's filing and an alleged act of retaliation can be used as circumstantial evidence to determine a causal connection.) However, the timing between the filing of the grievances related to the lawsuit and the cell searches is detrimental to Jackson's case.[10] Looking at the complaint, Jackson argues that the retaliation stems from his initiation of the grievance procedure in 2015 that culminated in the 2016 lawsuit. ECF No. 1-1 at 4. Although Jackson does not specify exactly when he filed the grievances related to the 2016 lawsuit, he says he began the process in 2015. *Id.* Therefore, three to four years have passed between the protected activity and the cell search. Considering the complete lack of evidence linking Jackson's protected activity to the cell searches, coupled with the long stretch of time between the filing of the grievance and the cell search, I find that Jackson has not plausibly alleged a causal connection between his protected First Amendment activity and the cell search. *Compare Bruce v. Ylst*, 351 F.3d 1283, 1287 (9th Cir. 2003) (holding that a two-year gap between a prisoner filing a grievance and the alleged act of retaliation was enough to establish a genuine dispute of material fact because the temporal proximity *was combined with* a prison guard telling the prisoner that the retaliation was in response to his grievance filing).

Because Jackson has not properly demonstrated the causation element required for a First Amendment retaliation claim, this claim fails so there is no need to address the other elements. I also do not reach the merits as to whether defendants are entitled to qualified immunity. Defendants' motion to dismiss as to the First Amendment claim is granted. However, because I find that amendment would not be futile, I dismiss Jackson's First Amendment claim without prejudice and with leave to amend.

---

[10] Defendants argue that the temporal proximity between Jackson's last known filed grievance—February 2019—and the date of the searches—July 2019—is sufficient to establish lack of causation. ECF No. 36 at 7. However, the information related to the grievances is not within the four corners of the complaint, and therefore I did not consider it in resolving this motion. *Charley*, 2021 U.S. Dist. LEXIS 129419, at *7. Even if defendants could make this argument, it would fail as their measure of temporal proximity—a four-month gap—could actually support an inference of retaliation. *See Coszalter v. City of Salem*, 320 F.3d 968, 977 (9th Cir. 2003) (holding that action taken between three to eight months after the protected activity is "easily within the time range that supports an inference of retaliation").

### B. Jackson does not allege a viable Eighth Amendment claim.

Jackson alleges that the searches of his cell constituted "harassment" in violation of the Eighth Amendment. The Eighth Amendment protects prisoners from searches that are conducted only for "calculated harassment." *Vigliotto v. Terry*, 873 F.2ary 1201, 1203 (9th Cir. 1989). Courts have held that frequent and retaliatory cell searches that "result in the 'violent dishevelment of [a prisoner's] cell' and cause the prisoner to suffer 'fear, mental anguish, and misery' constitute an Eighth Amendment violation." *See Perry v. Brevick*, 2021 U.S. Dist. LEXIS 19985, at *4 (E.D. Cal. Feb. 2, 2021) (quoting *Scher v. Engelke*, 943 F.2d 921, 924 (8th Cir. 1991) and collecting cases). The court in *Perry* found that one instance of the "trashing" of plaintiff's cell was not enough to state a "potentially colorable Eighth Amendment claim." *Id.* at *5. Similarly, in *Nightingale v. Parnell*, the court found that three cell searches within an eighteen-month period, one of which did not result in the confiscation of property and no facts indicating the cell was "violent[ly] dishevel[ed]" did not rise to the level of harassment that would constitute a violation of the Eighth Amendment. 2023 U.S. Dist. LEXIS 183064, at *22 (D. Or. Oct. 5, 2023). Here, Jackson has alleged that his cell was only searched twice in June 2019. Jackson does not, however, allege that the search resulted in the "violent dishevelment" of his cell, nor does he allege that he suffered "fear, mental anguish, and misery," *see Perry*, 2021 U.S. Dist. LEXIS 19985, at *4, nor allege anything else that would give rise to a colorable Eighth Amendment claim. At most he alleges an inconvenience or frustration resulting from the searches. Because I find that Jackson has not properly alleged an Eighth Amendment claim, I do not reach the merits as to whether the defendants were entitled to qualified immunity. The defendants' motion to dismiss as to the Eighth Amendment Claim is granted. However, because I find that amendment would not be futile, I dismiss Jackson's Eighth Amendment claim without prejudice and with leave to amend.

IV.     Conclusion

IT IS THEREFORE ORDERED that defendants' motion to dismiss **[ECF No. 36]** is **GRANTED.** Jackson's claims against Berry, Nash, and Williams are dismissed without prejudice and with leave to amend.

IT IS FURTHER ORDERED that should Jackson choose to file an amended complaint to cure the deficiencies outlined in this order, he must do so later than **February 12, 2025**, and it must be titled "First Amended Complaint." Failure to timely file a first amended complaint may result in dismissal of this action with no further warning.

Dated: January 14, 2025

_____
Cristina D. Silva
United States District Judge